ZEB WARD *v.* F. M. GEORGE, ETC.

**Attachment—Stay of Proceedings.**
    The attorney of an attachment plaintiff has power to direct a stay of the attachment proceedings.

**Attachment—Release of Levy.**
    An order by the attorney of the attachment plaintiff does not operate to release the levy.

**Attachment—Surrender of Property.**
    Whether there was a surrender to attachment defendant of the property attached, was held a question for the jury.

APPEAL FROM JESSAMINE CIRCUIT COURT.

January 7, 1873.

OPINION BY JUDGE PRYOR:

We perceive no reason for disturbing the judgment of the court below. Conceding the right of the appellant to recover, the damages could be merely nominal. There is no allegation or proof showing any judgment against the sub-tenant for the amount of the rent or any order of court sustaining the attachment. The appellant dismissed his case and the attachment was thereby necessarily discharged, it may be that the attachment was discharged or the case dismissed because as the appellant insists, the property had been released; still we can not well see how a recovery can be had against the sheriff for the value of the rent when there is nothing in the record showing that the appellant was entitled to enforce his claim as against the tenant, either by reason of a judgment for the rent, or the levy of the attachment upon the property. If the attachment had been sustained and the appellant thereby invested with the power to subject the property levied on to its payment, the sheriff would then have been liable by reason of the surrender of the property to the debtor. We are not prepared to say that the direction of the attorney to stay proceedings on the attachment was exceeding his authority as such. The evident object of this order by the attorney was to authorize the sheriff to leave the cattle upon the premises where he found them when the attachment was levied and did not operate as a release of the levy. Whether there was a surrender to the defendant of the property contained in the attachment by the sheriff was a question for the jury, and although the weight of evidence may be with the appellant, still the verdict in our opinion was authorized by the proof.

The case, as presented upon appellant's own testimony, would make the sheriff only nominally liable for either surrendering the property to the tenant or making a false return.

In this view of the case the appellant was not prejudiced by the instruction given for the appellee. The judgment is *affirmed*.

*Breckenridge, Buckner, for appellant.*

*Thornton, Turner, for appellee.*